**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PING ZHENG, | No. 08-70706 |
| Petitioner, | Agency No. A097-877-688 |
| v. | |
| MICHAEL B. MUKASEY, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

   Ping Zheng, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture.  We have

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). We grant the petition for review and remand.

Zheng testified she was persecuted and fears future persecution because she sheltered two North Korean refugees in her home. Zheng testified that police officers beat her, causing her mouth and nose to bleed, kicked her, held her in a small room for two days, and repeatedly told her to stop harboring North Koreans. She further testified that her company fired her for "committing a crime." The record does not support the BIA's determination that Zheng's treatment did not rise to the level of past persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (totality of the circumstances including two day detention coupled with threats compelled determination of past persecution).

The agency also rejected Zheng's claim because it found she feared prosecution for committing an illegal act and not persecution on account of her political opinion. The agency, however, did not have the benefit of our intervening decision in *Li*, 559 F.3d at 1099 (substantial evidence did not support the BIA's finding that the petitioner was a mere criminal subject to prosecution when the petitioner violated no Chinese law, but instead came to the aid of refugees in defiance of China's unofficial policy of discouraging aid to refugees).

08-70706

Accordingly, we remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**